Powers v. French.

POWERS v. FRENCH, appellant.

*Promissory note — want of consideration — rights of holder with notice.*

In an action upon a promissory note, brought by the indorsee against the maker and indorser, the indorser, by his answer, set up the defense, and on the trial offered to prove that the note was made and indorsed without any consideration, but at the request and for the accommodation of F.; that this was done upon the suggestion of plaintiff; and that all the consideration which the plaintiff paid for the note was F.'s own money. *Held*, that these facts were sufficient to defeat a recovery, and if proved would have established a complete defense.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict.

The action was brought in Monroe county by Daniel W. Powers as indorsee of a note for $2,600, made by the defendant, Mary French, and indorsed by the other defendant, John M. French, Jr.

John M. French, Jr., alone answered. He alleged in his answer that on the 26th of May, 1865, the plaintiff had in his hands the sum of $2,600 belonging to one John M. French, being the proceeds of a mortgage executed by one Wm. Padgett and owned in fact by said John M. French, but which was in the custody and under the control of the plaintiff in trust and for the benefit of said John M.; that upon the payment of the said mortgage into the hands of the plaintiff the said John M. applied to him for the money; that the plaintiff stated that for certain reasons he wanted such payment

to be in the form of a loan of money to said John M., and suggested that he procure the promissory note for that amount of his wife, Mary French, and the indorsement of his son, the defendant; that accordingly John M. French procured the note mentioned and described in the complaint and presented it to the plaintiff, and thereupon received from him the sum of $2,600, which had previously been realized by the plaintiff from payments made upon the mortgage, and that the plaintiff did not advance any money or consideration of his own for said note, but that the money paid to said John M. upon the delivery of said note was wholly the money and property of the said John M. French.

When the counsel for the defendant proceeded to open his case to the jury, the counsel for the plaintiff claimed and insisted that there was no defense set up in the case that should go to the jury. The counsel for the defendant then offered to prove substantially the same facts set up in the answer. The plaintiff's counsel objected, on the ground that the facts offered to be proved constituted no defense. The court sustained the objection and excluded the evidence, and directed a verdict for the plaintiff for the amount of the note with interest. Verdict accordingly, and the defendant, John M. French, Jr., appealed from the judgment.

*W. F. Cogswell,* for appellant.

*Geo. F. Danforth,* for respondent, cited *West* v. *Am. Ex. Bank,* 44 Barb. 176, 179; *Wood* v. *Whiting,* 21 id. 190; *Isles* v. *Tucker,* 5 Duer, 393; *Loosey* v. *Orser,* 4 Bosw. 393; *Paige* v. *Willett,* 38 N. Y. 30.

GILBERT, J. Construing the defendant's answer liberally, as we are required to do (Code, § 159), it sets up the defense that the note in suit was made and indorsed without any consideration, but at the request and solely for the accommodation of the defendant's father; that all this was done upon the suggestion of the plaintiff; and that all the consideration which the plaintiff paid for the note was the father's own money. For the purpose of this appeal the answer must be taken as true. Unless then, he who borrows a promissory note can enforce payment of it against the lender, it is difficult to perceive why the facts stated would not defeat the action. The plaintiff is in no sense a *bona fide* holder. He had notice of the purpose for which the note was made and indorsed, and he parted

with nothing upon the faith of the transfer thereof to him. Under such circumstances the plaintiff stands in no better position than the father would have occupied if he had retained the note, and given the plaintiff a voucher for the money which he received from the latter in some other form. Want of consideration in a promissory note will defeat a recovery where the action is between the parties to it, or where it is brought by a transferee affected with notice. The only distinction between promissory notes and other simple contracts in this respect is that in the case of the former, unless the transaction be affected with fraud, or the like, a consideration will be presumed, until the contrary be shown, while, in the case of the latter, it must in general affirmatively appear that there · was a consideration therefor. 2 Greenl. Ev., § 172; Story on Prom. Notes, § 181; Story on Bills, § 178; Byles on Bills (3d ed.), 76.

The defendant could not deny, and therefore had to admit, the making, indorsement and transfer of the note as alleged in the complaint. His omission to deny those allegations had that effect — no more. Stretching the admission to the utmost, its only effect was that the note, by its terms, imported a consideration, and that the defendant, by his indorsement in blank, sold and delivered it to the plaintiff for a valuable consideration. The allegations of the complaint related to nothing *aliunde* the written instrument. The admission of them proved nothing more than that which the law would have presumed from the production of the note, or from pleading it according to the legal effect of the contracts of the maker and indorser respectively. The allegation respecting the sale and delivery of the note to the plaintiff does not necessarily imply that such transfer was made directly by the defendant, and consequently does not involve an averment (contrary to the fact) that the consideration was received by the defendant. So understood, the · defense does not contravene the admission, but is merely one *sub modo*, and is qualified by the facts stated in the answer.

These facts were offered to be proved on the trial, and we think they would have established a complete defense by showing that there was no consideration whatever for the note; that it was, in fact, lent to the elder French; and that, although a valuable consideration was nominally paid for it by the plaintiff, such consideration, in fact, proceeded from the elder French; and that the transaction was contrived by the plaintiff.

Taking the case as thus represented there can be no pretense of a

right of recovery against the plaintiff, by the elder French, for the money received by the former belonging to the latter. Those moneys were, in fact, paid by the plaintiff to the elder French, and the effort to make the transaction assume the form of a purchase of a void note was simply nugatory.

The judgment must be reversed and a new trial granted, with costs to abide the event.

*New trial granted.*